UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YOUGHIOGHENY COMMUNICATIONS-TEXAS, LLC D/B/A POCKET COMMUNICATIONS; and YOUGHIOGHENY COMMUNICATIONS-NORTHEAST, LLC, D/B/A/ POCKET COMMUNICATIONS, | § § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. |
| ESECURITEL HOLDINGS, LLC; and AMERICAN ARBITRATION ASSOCIATION, INC., | § § § § § | SA-12-CV-008 FB (NN) |
| Defendant. | § | |

REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
       Chief United States District Judge

### I.   Introduction

This case arose from a request for declaratory relief on the legality of an arbitration clause. Plaintiffs Youghiogheny Communications - Texas, LLC, d/b/a Pocket Texas and Youghiogheny Communications - Northeast, LLC, d/b/a Pocket Northeast ("Plaintiffs") contracted with Defendant, eSecuritel Holdings, LLC (hereafter "Defendant") for insurance and replacement services for Plaintiffs' wireless telecommunications customers.[1]  When Plaintiffs allegedly breached the contract, Defendant initiated proceedings at the American Arbitration

---

[1] See Docket Entry 2, Plaintiffs' Original Petition & Application to Stay Arbitration, filed as a supplement to Defendant's Notice of Removal, Docket Entry 1.

Association pursuant to the arbitration clause in the contract.[2]  Before a final order was issued in the arbitration, Plaintiffs filed their Original Petition and Application to Stay Arbitration ("Plaintiffs' Original Petition") in the 131st Judicial District, Bexar County, Texas.[3]  Plaintiffs' Original Petition sought declaratory relief under Texas Civil Practice and Remedies Code Chapter 37 and requested an order staying and dismissing the arbitration pursuant to Texas Civil Practice and Remedies Code § 171.023.[4]  Defendant removed the action to federal court on January 4, 2012.[5]

Plaintiffs have asked the court to remand the case to state court on the grounds that the case was improvidently removed to federal court.[6]  In its Notice of Removal, Defendant asserted, in pertinent part, that the Court had diversity jurisdiction because the amount in controversy exceeded $75,000 and complete diversity of citizenship existed among the parties.[7]  Plaintiffs do not dispute that the amount in controversy exceeds the statutory minimum and concede that Defendant American Arbitration Association is a nominal party whose Delaware citizenship does not destroy diversity, but argue that complete diversity does not exist between Plaintiff Pocket

---

[2] Docket Entry 12, Exhibit 4.

[3] Docket Entry 2.

[4] Id.

[5] Docket Entry 1.

[6] Docket Entry 7.

[7] Docket Entry 1.  Notably, Defendant filed an Amended Notice of Removal (Docket Entry 11) after Plaintiffs filed their Motion to Remand (Docket Entry 7).  In its original Notice of Removal, Defendant argued that Plaintiff Pocket Northeast was a citizen of Texas for the purposes of assessing diversity jurisdiction.  See Docket Entry 1, at 6.  In the Amended Notice of Removal, Defendant withdrew that assertion and, instead, contended that Plaintiff Pocket Northeast's Delaware citizenship should be disregarded because said plaintiff was not a real party in interest to this action.  Docket Entry 11, at 6-7.

Northeast and Defendant eSecuritel, which are both Delaware citizens.[8]  Plaintiffs disagree with Defendant's contention that Plaintiff Pocket Northeast is not a real party in interest to this action.[9]

After considering Plaintiffs' motion,[10] the responsive briefs,[11] and the applicable law, I recommend granting Plaintiffs' motion to remand and remanding this case to state court.

I have jurisdiction to enter this Report and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for disposition by order, or to aid in their disposition by recommendation where my authority as a Magistrate Judge is statutorily constrained.[12]

## II.  Federal Court Jurisdiction

This case is not within the removal jurisdiction conferred to district courts under 28 U.S.C. §§ 1441, *et seq*.  The Court lacks jurisdiction because complete diversity of citizenship does not exist between all parties.

## III.  Background of the Case

On December 23, 2011, Plaintiffs Youghiogheny Communications - Texas, LLC, d/b/a Pocket Texas and Youghiogheny Communications - Northeast, LLC, d/b/a Pocket Northeast filed their original petition against Defendant eSecuritel Holdings, LLC and the American

---

[8] Docket Entries 7 and 21.

[9] See Docket Entries 7, 11, 12, and 21.

[10] Docket Entry 7.

[11] Docket Entries 12 and 21.

[12] Docket Entry 20.

Arbitration Association, Inc. in the 131st Judicial District Court, Bexar County, Texas, Cause Number 2011-CI-20147.[13]  Defendant filed its Notice of Removal on January 4, 2012.[14]

The Plaintiffs are wireless communications services providers.  Plaintiff Pocket Texas, for federal jurisdictional purposes, is a citizen of Texas.[15]  Plaintiff Pocket Northeast is a citizen of Delaware.[16]  Defendant, eSecuritel Holdings, LLC is also a citizen of Delaware.[17]  Plaintiffs and Defendant were parties to a Service and Replacement Agreement pursuant to which Defendant was obligated to provide replacement and insurance services to Plaintiffs' wireless customers.[18]

Defendant alleges that Plaintiff Pocket Texas breached the contract by forming a joint venture with another provider (Cricket) and transferring customers to the new venture, thereby depriving Defendant of profits from those customers.[19]  There is evidence in the record that Plaintiff Pocket Northeast terminated its customer contracts and transferred substantially all of its assets to another company, Metro PCS.[20]  Plaintiffs argue that their contract with Defendant, as well as the arbitration clause contained therein, is void, illegal and unenforceable.[21]  Plaintiffs

---

[13] Docket Entry 2.

[14] Docket Entry 1.

[15] See Docket Entry 2, at 2; Docket Entry 1, at 5.

[16] Docket Entry 7, Exhibit A; Docket Entry 21, Exhibit A, ¶3; Docket Entry 21, Exhibits A-1, A-2, A-3 and A-4.

[17] Docket Entry 3, ¶ 5.

[18] Docket Entry 2, Exhibit A.

[19] See Docket Entries 1, 11, 12.

[20] Docket Entry 12, Exhibit 3.

[21] Docket Entry 2.

further assert that Defendant could not legally perform its duties under the contract because Defendant was not licensed to act as an insurer or agent in the State of Texas.[22]

On September 30, 2010, Defendant filed its Demand for Arbitration with the American Arbitration Association against both Plaintiffs.[23] In the Demand for Arbitration, Defendant sought recovery against both Plaintiffs, collectively, and referred to them throughout the brief as "Pocket."[24] Plaintiffs subsequently initiated their action in state court seeking a judicial declaration under Texas's Uniform Declaratory Judgment Act that the arbitration clause, as well as the parties' contract, was illegal, void and unenforceable under Texas law.[25] After Defendant removed the action to federal court asserting diversity jurisdiction,[26] Plaintiffs filed their motion to remand the case to state court.[27]

## IV.  Issue Presented

Whether the case was improperly removed to federal court?

## V.  Analysis

The issue before the Court is whether diversity jurisdiction may properly be exercised over this action. If Plaintiff Pocket Northeast is not a proper party to this action, as Defendant contends, the Court may disregard its citizenship and assert diversity jurisdiction. On the other

---

[22] Docket Entry 2, ¶ 10, at 3.

[23] Docket Entry 12, Exhibit 4.

[24] Id.

[25] Docket Entry 2.

[26] Docket Entry 1.

[27] Docket Entry 7.

5

hand, if Plaintiff Pocket Northeast is a real party in interest, its Delaware citizenship alongside Defendant's Delaware citizenship, destroys diversity.

### A. *Removal predicated on diversity of citizenship*

Plaintiffs moved to remand this action on the basis that there is not diversity of citizenship among all the parties to this action.[28] As a result, Plaintiffs contend the Court lacks jurisdiction over the case.[29] Defendant, on the other hand, argued that complete diversity exists between all the real parties in interest.[30]

A defendant may remove a civil action to the federal district court for the district where said action is pending provided that: (1) the federal court has original jurisdiction over the matter; and (2) the defendant complies with the procedural requirements outlined in the removal statute.[31] Federal courts, however, have "limited jurisdiction" and "possess only that power authorized by Constitution (*sic*) and statute."[32] The burden of establishing subject matter jurisdiction lies with the removing party.[33] Any doubts about the propriety of a removal are to be resolved in favor of remanding the action to state court.[34]

---

[28] Docket Entries 7, 21.

[29] Id.

[30] Docket Entry 12.

[31] 28 U.S.C. § 1441.

[32] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

[33] Id. See also Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").

[34] Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002) (citing Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996)); Manguno, 276 F.3d at 723 (citing Acuña v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000)) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

In this case, Defendant removed this action to federal court asserting jurisdiction pursuant to 28 U.S.C. § 1332.[35] Under 28 U.S.C. § 1332, federal courts are granted original jurisdiction over civil actions where the "controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) citizens of different States…." The parties concede that the only issue before this Court is whether Plaintiff Pocket Northeast, a Delaware entity, is a proper party to this action such that its Delaware citizenship destroys diversity with Defendant eSecuritel, also a Delaware entity.[36] Specifically, the parties disagree about Plaintiff Pocket Northeast's status as a real party in interest to this action.[37]

> B.   *Joinder of an improper party*[38]

A "real party in interest" is a "person who, under governing law, is in possession of the substantive legal right or interest to be enforced in the litigation."[39] In order to fulfill the "heavy burden"[40] of proving that a party is not a real party in interest or has been improperly joined, a defendant must establish "by clear and convincing evidence that either (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or (2) there is no possibility that the

---

[35] Docket Entries 1, 11.

[36] Docket Entries 7, 12, 21; Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting Strawbridge v. Curtiss, 7 U.S. (3Cranch) 267, 2 L.Ed. 435 (1806) ("Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'").

[37] Docket Entries 7, 12, 21. See also Oliva v. Chrysler Corp., 978 F.Supp.685, 688 (S.D. Tex. 1997) ("In determining whether complete diversity exists, the Court will consider the citizenship of all properly joined parties….").

[38] The Fifth Circuit favors the term "improper joinder" over "fraudulent joinder." Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004) ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder'….Although there is no substantive difference between the two terms, 'improper joinder' is preferred.").

[39] Oliva, 978 F.Supp. at 689 (citing Fed. R. Civ. P. 17(a)).

[40] Green v. Amerada Hess Corp., 707 F.2d 201, 206 (5th Cir. 1983).

7

plaintiffs would be able to establish a cause of action against the defendant in state court."[41]

In this case, Defendant did not allege fraud but, rather, contended that there is no possibility that Plaintiff Pocket Northeast can establish a cause of action in state court.[42] The Court "must not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff may do so."[43]

Notably, it is insufficient to show that the state law claims are barred as to all defendants.[44] In such a case, "there is no improper joinder, there is only a lawsuit lacking merit."[45] When assessing the possible merits of any state cause of action, "all disputed questions of fact and all ambiguities in the controlling state law" are resolved in favor of the plaintiff.[46]

    C.    *Plaintiff Pocket Northeast is a proper party to the action.*

Defendant asserted that Plaintiff Pocket Northeast is an improper party for three reasons.[47] First, Defendant contended that any damages award arising out of the arbitration will be against Plaintiff Pocket Texas because Defendant "has not pursued any claims or damages based on any acts or omissions by Pocket Northeast."[48] Second, Defendant urged that Plaintiff

---

[41] Oliva, 978 F.Supp. at 689 (citing Burden v. Gen. Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995)). See also Smallwood, 385 F.3d at 573.

[42] Docket Entry 12.

[43] Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997) (citing Burden, 60 F.3d at 216). See Smallwood, 385 F.3d at 573("[T]he test for fraudulent joinder…stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").

[44] Smallwood, 385 F.3d at 575.

[45] Id., 385 F.3d at 574.

[46] Dodson v. Spillada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

[47] Docket Entries 11, 12.

[48] Docket Entry 12, at 6.

Pocket Northeast lacks standing to pursue declaratory relief against Defendant because the only "real controversy is between Pocket Texas and eSecuritel and has no effect on Pocket Northeast."[49] And, third, Defendant insisted that Plaintiff Pocket Northeast, an entity that allegedly does no business in Texas, "has no interest in the issues underlying the claims, which involve Texas insurance law and Texas public policy."[50] In sum, the argument is that Plaintiff Pocket Northeast has stated no viable cause of action against Defendant in its Original Petition.

The Original Petition sought, in pertinent part, a judicial declaration that, "(1) the Arbitration Clause is illegal, void, and/or unenforceable; (2) the Agreement is illegal, void, and/or unenforceable"[51] pursuant to Texas's Uniform Declaratory Judgments Act ("the Act").[52] The Act is "remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."[53] A claim for declaratory relief under the Act "is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.[54]

In this case, the state court action focuses on a declaration of the legality of the contract,

---

[49]Docket Entry 12, at 7.

[50]Docket Entry 12, at 7.

[51]Docket Entry 2, at 4.

[52]Tex.Civ.Prac.&Rem. Code § 37.002.

[53]Tex.Civ.Prac.&Rem. Code § 37.002(b).

[54]Bonham State Bank v. Beedle, 907 S.W.2d 465, 467 (Tex. 1995) (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

as well as the arbitration clause contained in the contract, at issue.[55] The parties to that contract are both Plaintiffs Pocket Texas and Pocket Northeast, as well as Defendant eSecuritel.[56] When Defendant demanded arbitration for the alleged breach of said contract, Defendant named both Plaintiffs.[57] Throughout the Demand for Arbitration, Defendant referred to both Plaintiffs together, alleged wrongdoing as to both Plaintiffs collectively as "Pocket," and requested damages from both Plaintiffs.[58] Although Defendant asserted that it settled its claims with Plaintiff Pocket Northeast such that any arbitration award would only be against Plaintiff Pocket Texas,[59] Defendant tendered no proof that Plaintiff Pocket Northeast has been dismissed as a party to the arbitration. Rather, the evidence before the Court establishes that Plaintiff Pocket Northeast—an entity authorized to do business in the state of Texas[60] and named by Defendant in the arbitration demand[61]—is still a party to that arbitration and subject to any impending damages

---

[55] Docket Entry 2.

[56] See Docket Entry 2, Exhibit A; Docket Entry 12, Exhibit 1; Docket Entry 21, Exhibit A, ¶ 5; Docket Entry 21, Exhibit A-5.

[57] Docket Entry 12, Exhibit 4, Demand for Arbitration styled: "eSecuritel Holdings, LLC, Claimant v. Youghiogheny Communications-Texas LLC and Youghiogheny Communications-Northeast LLC." See Docket Entry 3, Affidavit of Kathleen Miller, Chief Financial Officer of Defendant eSecuritel Holdings, LLC, attached as Exhibit B to Notice of Removal, ¶ 3, "On September 30, 2010, eSecuritel brought a demand for arbitration against Youghiogheny Communications - Texas, LLC d/b/a Pocket Communications ("Pocket Texas") and Youghiogheny Communications - Northeast, LLC d/b/a/ Pocket Communications ("Pocket Northeast," collectively with Pocket Texas, "Pocket")…."

[58] Docket Entry 12, Exhibit 4.

[59] See Docket Entry 11, at 2; Docket Entry 12.

[60] Docket Entry 7, Exhibits A-1 and A-2; Docket Entry 2, ¶4, at 2.

[61] Docket Entry 12, Exhibit 4.

award.[62]  Thus, the legality of the contract and the arbitration clause, pursuant to which Plaintiff Pocket Northeast is a current party in an arbitration, is a justiciable controversy as to the rights and status of Plaintiff Pocket Northeast.[63]  For all these reasons, Defendant failed to meet its heavy burden[64] of proving that "there is no reasonable basis…to predict that the plaintiff might be able to recover against" Defendant.[65]  Thus, Plaintiff Pocket Northeast is a proper party in this case.  Because Pocket Northeast is a citizen of Delaware, complete diversity of citizenship does not exist.  In the absence of complete diversity, no basis exists for federal court jurisdiction.

## VI.  Recommendation

Because no basis exists for federal court jurisdiction, I recommend GRANTING Plaintiffs' motion to remand (Docket Entry 7) and REMANDING this case to the 131st Judicial District Court, Bexar County, Texas.  Although Plaintiffs included a request for the costs, expenses and attorneys fees in their prayer, Plaintiffs did not brief that issue and thus did not demonstrate a basis for awarding such relief.  Plaintiffs, however, reserved the right to seek an award under the Local Rules. If the district court remands this case, Defendant's motion to dismiss (Docket Entry 19) under Rule 12(b)(6)[66] may be denied as moot.

## VII.  Instructions For Service And Notice of Right to Object/Appeal

---

[62] Docket Entry 21, Exhibit A, ¶ 6.  See also Docket Entry 1, at 4 ("On November 18, 2011, the arbitrator issued his liability order in favor of eSecuritel.  Specifically, the arbitrator found that Pocket breached the parties' contract and is liable for lost profits, attorney's fees and costs (emphasis in original)."

[63] Bonham State Bank, 907 S.W.2d at 467.

[64] Green, 707 F.2d at 206.

[65] Smallwood, 385 F.3d at 573.

[66] Fed. R. Civ. Proc. 12(b)(6).

11

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[67]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[68]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[69]

**SIGNED** on March 13, 2012.

*/s/ Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[67] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[68] Thomas v. Arn, 474 U.S. 140, 149-52 (1985); Acuña v. Brown & Root, 200 F.3d 335, 340 (5th Cir. 2000).

[69] Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).